# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                              Criminal Case No. 2:02CR00030-02

GARRETT LEE NESTOR,
Defendant

## ORDER/OPINION

On the 25th day of April, 2006, came the United States of America by Stephen D. Warner, Assistant United States Attorney, and also came the defendant, Garrett Lee Nestor, in person and by his counsel, Kevin T. Tipton, for hearing on the "Report of Offender Under conditions of Pretrial Release" filed on February 3. 2006, alleging that Nestor violated Condition No.1 of his Conditions of Release, and the February 27, 2006, amendment thereto alleging that Defendant violated the Court's February 8, 2006, Order.

### I. Procedural History

On January 17, 2003, Defendant Garrett Lee Nestor was released on conditions set by Order. On February 3, 2006, pre-trial services officer Eydie Feathers filed a "Report of Offender Under Conditions of Pretrial Release" alleging Defendant violated Mandatory Condition # 1 of the Order. By Order dated February 3, 2006, United States Magistrate Judge John S. Kaull directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order and an initial appearance was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on February 8, 2006. Upon Defendant's representation that he lived alone and feared his water pipes would freeze should he not be permitted to return to his home, the Court released Defendant pending his revocation hearing, with the following additions to his conditions of pretrial release:

(1) Defendant shall have no contact with Tammie Patch.

(2) Defendant shall have no contact with Destiny Brown.

(3) Defendant shall not go within 500 feet of Destiny Brown.

(4) Defendant shall have no contact with the 14 year old daughter of Destiny Brown.

(5) That any arrangements for the return of the personal belongings of Tammie Patch now located in Defendant's home shall be made with Defendant's sister and the pickup or exchange shall take place at a time and place to be arranged between Defendant's sister and Tammie Patch without Defendant being present.

On February 27, 2006, Defendant's Adult Pretrial Services Officer wrote a letter to the Court reporting that Defendant was being detained at the Tygart Valley Regional Jail after being arrested February 26, 2006, for Domestic Battery. The letter and attachments were made part of the above-referenced Report of Offender Under conditions of Pretrial Release." The Court further ordered a warrant be issued for Defendant's arrest.

Defendant was arrested and a hearing on the alleged violations of Defendant's pretrial release was held on April 25, 2006. Defendant appeared in person and by his counsel, Kevin Tipton. The United States appeared by Stephen Warner, its Assistant United States Attorney.

## II. Contentions

The original "Report of Offender Under Conditions of Pretrial Release" alleged that Defendant Violated Mandatory Condition No. 1 of the Order Setting Conditions of Release which provides: "The defendant shall not commit any offense in violation of federal, state or local law while on release in this case."

The grounds for the Report were as follows:

> On January 24, 2006, the undersigned probation officer received documents from the
> West Virginia State Police regarding the defendant being charged with Trespassing

on January 23, 2006 . . . . According to the criminal complaint, it is alleged that the defendant, who was reportedly intoxicated at the time, traveled to the home of the victim, Destiny Brown, and began knocking on her door. The victim's 14 year old daughter apparently answered the door and the defendant barged into the residence without permission. The victim reported asking the defendant to leave several times, however, until he was told that the police were contacted, he did not leave. Also on January 23, 2006, a Domestic Violence Emergency Protection Order was placed on the defendant in Tucker County, West Virginia, Magistrate Court, with a final hearing date of January 31, 2006. The West Virginia State Police indicated that the defendant entered a plea of "Not Guilty" to the above charge on January 24, 2006. On January 27, 2006, the probation officer was able to contact the defendant to discuss the above incident. According to the defendant, his ex-girlfriend, Tammie Patch, is living with Destiny Brown. He apparently went to the residence of Destiny Brown to speak with Tammie. The defendant denied being intoxicated or drinking at all on that date. Mr. Nestor reported that his next court hearing for the Trespassing charge is on March 6, 2006. He further advised that he is not retaining an attorney for that case.

On January 31, 2006, the defendant reported to the probation office and submitted a Family Court Order Denying Domestic Violence Protective Order and Terminating the Emergency Protective Order, case number 06-DV-2 . . . . According to the order the "petitioner did not appear". The defendant reported that he is still going to fight the Trespassing charge in his hearing scheduled on March 6, 2006.

Following the defendant's initial appearance on this Report, the Court amended Defendant's conditions of pretrial release to include the conditions that he have no contact with Tammie Patch, and that any arrangements for the return of Tammie Patch's belongings be made through Defendant's sister, and any pickup of personal belongings by Tammie Patch would be made without Defendant being present.

The February 27, 2006, letter written by Defendant's Adult Pretrial Services Officer reported Defendant was being detained for one count of Domestic Battery, one count of Domestic Assault, and one count of Brandishing a Dangerous Weapon against Tammie Patch.

The undersigned heard the testimony of Tammie Patch and the arguments of counsel.

### III. Findings Of Fact

Based on the testimony presented at the hearing held April 25, 2006, and the docket record

as the same existed on April 25, 2006, the undersigned makes the following findings of fact:

1)  Defendant was placed on conditional release by Order dated January 17, 2003.

2)  Mandatory Condition No. 1 of the Order Setting Conditions of Release required Defendant to refrain from committing any offense in violation of federal, state or local law while on release in this case.

4)  Defendant was released from federal custody on January 17, 2003, pursuant to the Order Setting Conditions of Release.

5)  Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

6)  Defendant is Pretrial Services Officer Eydie Feathers' assigned supervisee.

7)  That after the events of January 24, 2006, the Court entered an Order amending Defendant's conditions of pretrial release to prohibit Defendant from any contact with Tammie Patch, her daughter, and her granddaughter.

8)  There was a domestic relationship between Defendant and Tammie Patch that lasted for approximately four years, including the date of the February 7, 2006 order.

9)  Contact was had between Defendant and Tammie Patch at Defendant's residence on February 14, 2006, after which the two resumed cohabitating.

10) Approximately one week after resuming their relationship, Defendant and Tammie Patch were involved in a domestic dispute in Defendant's home, during which each physically assaulted the other.

11) Defendant possessed a hunting knife and cut Tammie Patch on the left cheek.

### IV. Conclusion

Upon consideration of all the evidence, the Court concludes:

1)  There is clear and convincing evidence that Defendant was living with Tammie Patch on after February 14, 2006.

2)  Defendant's contact with Tammie Patch on February 14, 2006, and continuing relationship with her thereafter was a violation of the Court's February 7, 2006 Order.

3) There is no justifiable excuse offered for any violation of the Court's order.

4) The parties cannot alter conditions of the Court's Order.

5) Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, including allegations of domestic violence while on supervised release, the undersigned finds Garrett Nestor is unlikely to abide by any condition or combination of conditions of release.

6) The Court therefore concludes there is no condition or combination of conditions the Court could fashion that would assure the safety of the community.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a), (b)(1)(B) and (2)(A) and (B), the release of Defendant Garret Nestor on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;

2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;

4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and

5. The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: April 25, 2006.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE